IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| FIVE STAR KITCHEN INSTALLATIONS, INC., | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 1:19cv0345 (AJT/JFA)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 6). Plaintiffs are the Board of Trustees

of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the

International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the

Board of Trustees for the Sheet Metal Workers' International Association Scholarship Fund

("IASF"), the Board of Trustees of the National Stabilization Agreement of the Sheet Metal

Industry Trust Fund ("SASMI"), the Board of Trustees of the Sheet Metal Occupational Health

Institute Trust Fund ("SMOHIT"), and the Board of Trustees of the National Energy

Management Institute Committee ("NEMIC"), and they seek a default judgment against Five

Star Kitchen Installations, Inc. ("Five Star"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the

undersigned magistrate judge is filing with the court his proposed findings of fact and

recommendations, a copy of which will be provided to all parties.

1

**Procedural Background**

On March 25, 2019, the plaintiffs filed this action alleging that the defendant is obligated to pay them for certain delinquent contributions, liquidated damages, interest, audit testing fees, and attorneys' fees and costs. (Docket no. 1). The summons and complaint were posted on the door of 16 Morton Avenue, East Rockaway, New York 11518, the residence of Five Star's agent, James E. Draghi, on June 4, 2019 after four unsuccessful attempts to personally serve Mr. Draghi at that address.[1] (Docket no. 3). A copy of the summons and the complaint were also mailed to that address by First Class Mail (*Id.*). The plaintiffs filed a copy of the executed return of service of process on June 18, 2019. (*Id.*). In accordance with New York Civil Practice Law § 308(4) and Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than July 19, 2019, which is 21 days after service by posting and mailing was complete.[2]

On July 1, 2019, the plaintiffs filed their request for entry of default on the grounds that defendant had not timely responded to the summons and the complaint.[3] (Docket no. 4). The

---

[1] Although the New York Department of State, Division of Corporations website does not list a specific registered agent for Five Star, it lists Mr. Draghi as the individual authorized to receive process. The address on the New York Department of State website is different than the address at which process was served, but another tenant confirmed that Mr. Draghi lives at the address at which process was posted. (Docket no. 3); *see also* N.Y. CPLR § 308(4) (McKinney 2019) (allowing service by posting the summons at the individuals' dwelling place or usual place of abode and mailing a copy of the summons to the individual's last known residence).

[2] Pursuant to New York Civil Practice Law, because the plaintiffs served the defendant's agent by posting a copy of the summons and complaint on the agent's door and mailing a copy of the service to his address, service was not complete until June 28, 2019, 10 days after the plaintiffs filed their executed return of service with the Clerk of Court. N.Y. CPLR § 308(4).

[3] The plaintiffs did not file an accurate affidavit in support of their request for entry of default because it describes service on the Illinois Secretary of State. (Docket no. 4-1 ¶ 2). Based on the executed return of service, though, it appears that service was proper. (Docket no. 3). However, because the defendant was not in default until July 19, 2019, the plaintiffs' request for

Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on July 3, 2019. (Docket no. 5). Later that day, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Kenneth Anderson, Jr., Diana Bardes, and Lori Wood, and a notice of hearing for August 2, 2019 at 10:00 a.m. (Docket nos. 6-8). The motion for default judgment, supporting memorandum, and notice of hearing were served on the defendant by mail on July 3, 2019. (*Id.*). On August 2, 2019, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

### Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the motion for default judgment (Docket no. 6), and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 7, 7-1, 7-2).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶¶ 5–10). NPF, ITI, IASF, and SASMI are jointly administered trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶¶ 5–8). NEMIC and SMOHIT are organizations created and

---

entry of default was premature. Regardless, the defendant has not responded to the summons and the complaint, and the time for doing so has now expired. Accordingly, the motion for default judgment is still properly before this court.

3

maintained pursuant to 29 U.S.C. § 186(c).  (Compl. ¶¶ 9-10).  The funds for which the

plaintiffs bring this action are administered in Fairfax, Virginia.  (Compl. ¶¶ 5–10).

Five Star is a New York corporation with offices in Farmingville, New York and is an

employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. §

1002(5), (11), and (12).  (Compl. ¶ 12).  Five Star employs employees represented for the

purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and

Transportation Union (f/k/a the Sheet Metal Workers' International Association), Local Union

No. 28, which is a labor organization representing employees in an industry affecting interstate

commerce ("Local Union No. 28").  (Compl. ¶ 13).  Five Star was a signatory to and bound by a

collective bargaining agreement with Local Union No. 28 (the "CBA").  (Compl. ¶ 14).

Pursuant to the CBA, Five Star is obligated to abide by the terms and conditions of the Trust

Agreements establishing each of the funds, including any amendments thereto (the "Trust

Agreements").  (Compl. ¶ 15).

Under the CBA, Trust Agreements, and applicable law, Five Star is obligated to submit

monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours

worked or paid on behalf of the defendant's covered employees no later than the twentieth day

after the end of each month during which covered work was performed.  (Compl. ¶¶ 14, 16, 18).

When an employer fails to make a timely remittance report and contribution payments and the

funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on

the delinquent contributions at the rate of 0.0233% per day, late fees equal to the greater of

$50.00 or 10% of the contributions due for each month of contributions paid after the due date

and before any lawsuit is filed, liquidated damages equal to 20% of the delinquent

4

contributions, and the attorneys' fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 20).

In the complaint, the plaintiffs allege that a payroll audit for the period of November 3, 2015 through November 13, 2018 revealed that the defendant owes contributions in the amount of $180,246.36 for the audit period, along with accrued interest in the amount of $24,995.05 calculated through March 22, 2019, liquidated damages of $36,049.67, and $5,527.09 in audit testing fees. (Compl. ¶¶ 24-25). The total amount the plaintiffs claim they are owed is $246,780.17, plus attorneys' fees and costs. (Compl. ¶¶ 25–26).

In the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket nos. 7, 7-1, 7-2). As described in the briefs in support of the motion for default judgment and the declarations of Kenneth Anderson, Jr. and Diana M. Bardes, the plaintiffs are seeking an award of the underpaid contributions, accrued interest, liquidated damages, and audit testing fees resulting from the audit period of November 3, 2015 through November 13, 2018. (Docket no. 7 at 9). The plaintiffs are also seeking an award of their attorneys' fees and costs incurred in bringing this action.[4] (*Id.*).

---

[4] There is a difference in the amounts sought in the motion for default judgment and the complaint because the interest requested in the complaint is calculated only up to the filing of the complaint (Compl. ¶ 25), and the motion for default judgment both requests interest through July 15, 2019 and contains an itemization of the attorney's fees and costs sought (Docket nos. 7 at 9, 7-2 at 1-2).

| | Contributions[5] | Interest through 7/15/2019 | Liquidated Damages | Audit Testing Fees |
|---|---|---|---|---|
| Audit from November 3, 2015 to November 13, 2018 | $180,248.36 | $31,172.22 | $36,049.67 | $5,527.09 |

| Attorneys' Fees | Costs | Total |
|---|---|---|
| $2,412.50 | $670.28 | $256,080.12 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

---

[5] The motion for default judgment does not itemize the contributions sought by fund.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under Section 502 of

ERISA, 29 U.S.C. § 1132. (Compl. ¶ 2). Section 502 provides that the United States district

courts have jurisdiction over civil actions brought under this title. This case is properly before

the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is

brought under ERISA for an alleged failure to make contributions in accordance with a

collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this

court has subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. (*Id.*).

That section provides that United States district courts have jurisdiction over suits for violation

of contracts between an employer and a labor organization representing employees in an

industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C.

§ 185 because it is brought under the LMRA for violation of a contract between an employer

and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the

plan is administered" and "process may be served in any other district where a defendant resides

or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are

administered in Fairfax, Virginia. (Compl. ¶¶ 3, 5–10). On June 4, 2019, the plaintiffs served

the summons and the complaint on defendant's agent by posting the documents on the door of

the agent's residence and mailing a copy of the service to that residence. (Docket no. 3). Venue

is proper in this court and this court has personal jurisdiction over the defendant because the

respective funds are administered within the Alexandria Division of the Eastern District of

Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F.

Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on

7

the basis of the defendant's national contacts with the United States pursuant to the Due Process

Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this

court has subject matter jurisdiction over this action, that the court has personal jurisdiction over

the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

Pursuant to New York Business Corporation Law, a registered agent may be served in

any manner allowed for serving an individual defendant. N.Y. Bus. Corp. Law § 306(a)

(McKinney 2019). New York Civil Practice Law allows a plaintiff to serve a defendant by

posting a copy of the summons on the door of the defendant's dwelling place or usual place of

abode if the defendant or a person of suitable age and discretion cannot be personally served

there. N.Y. CPLR § 308(4). The plaintiff must also mail the summons by First Class Mail to

either the individual's last known residence or the person's actual place of business. *Id.* The

plaintiff must file proof of such service with the Clerk of Court within 20 days, and service is

considered complete 10 days after the plaintiff has filed that proof of service. *Id.*

A copy of the summons and the complaint was left on the door of the defendant's agent,

Mr. Draghi, on June 4, 2019, after four unsuccessful attempts to serve Mr. Draghi personally.

(Docket no. 3). A copy of the service was mailed to Mr. Draghi at that same address by First

Class Mail, and the plaintiffs filed the executed return of service with the court on June 18,

2019. (*Id.*). Therefore, pursuant to New York Civil Practice Law, service was complete on

June 28, 2019.

Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later

than July 19, 2019, which is 21 days after service of the summons and complaint were

complete. The plaintiffs requested an entry of default on July 1, 2019. (Docket no. 4). The Clerk of Court entered a default as to the defendant on July 3, 2019. (Docket no. 5). Therefore, defendant was not in default at the time default was entered. Even so, the defendant failed to file a responsive pleading by July 19, 2019, the date on which any response to the summons and the complaint was due.

Accordingly, the undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that although the Clerk of Court entered default before the time to respond had expired, the defendant is now in default and this motion is properly before the court.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the amended complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, an audit revealed that Five Star failed to make the required contributions to the funds for the period of November 3, 2015 through November 13, 2018. (Compl. ¶¶ 21, 24-25). 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> > (i) interest on the unpaid contributions, or

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, the plaintiffs submitted a declaration from Kenneth Anderson Jr. ("Anderson Decl."). (Docket no. 7-1). Mr. Anderson is an Audit and Delinquency Manager for the NPF and oversees the performance of audits of payroll records of contributing employers, which are used to determine whether participating employers have satisfied their obligations to provide reports and contributions to the funds and to cooperate with the audit process. (Anderson Decl. ¶¶ 1–2). The information contained in the Anderson Declaration establishes that an audit revealed that Five Star underreported hours worked by covered employees for the period of November 3, 2015 through November 13, 2018. (Anderson Decl. ¶ 16). Due to the underreporting of hours and as a result of the audit, defendant owes the plaintiffs unpaid contributions for the audit period, interest from the date the payments were due until they are paid, liquidated damages calculated at 20% of the unpaid amount, and audit testing fees. (Anderson Decl. ¶¶ 16-17). Accordingly, defendant owes the plaintiffs the following:

| | Contributions | Interest through 7/15/2019 | Liquidated Damages | Audit Testing Fees | Total |
|---|---|---|---|---|---|
| Audit from November 3, 2015 to November 13, 2018 | $180,248.36 | $31,172.22 | $36,049.67 | $5,527.09 | $252,997.34 |

The plaintiffs submitted a declaration from Diana Bardes detailing the attorneys' fees and costs incurred in this action. (Docket no. 7-2) ("Bardes Decl."). The total amount of the attorneys' fees and costs requested is $3,082.78. (Bardes Decl. ¶¶ 5–6). The attorneys' fees request is comprised of 12 hours of attorney and paralegal time. (Bardes Decl. ¶ 5). The hourly rate charged for the attorney time was $275.00 for partners and $150.00 for paralegals, for a total amount of of $2,412.50. (Bardes Decl. ¶ 5). The amount of costs was $670.28, which is comprised of $400.00 for the filing fee, $255.38 for the process server fees, and $14.90 in postage. (Bardes Decl. ¶ 6). The undersigned magistrate judge has reviewed the declarations of Ms. Bardes and Ms. Wood (Docket no. 18-1 at 12–14) and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable. After reviewing the individual time entries, the court recommends a finding that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable. The amount of attorneys' fees and costs sought in this matter are consistent with the amounts sought in many previous, similar cases brought in this court.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against Five Star Kitchen Installations, Inc. in the amount of **$256,080.12**, which includes unpaid contributions of $180,248.36, interest of $31,172.22, liquidated damages of $36,049.67, audit testing fees of $5,527.09, and attorneys' fees and costs of $3,082.78.

### Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Five Star Kitchen Installations, Inc., 16 Morton Avenue, East Rockaway, New York 11518; Five Star Kitchen Installations, Inc., 517 B Acorn Street, Deer Park, NY 11729; and Five Star Kitchen Installations, Inc., 2 Linden Lane,

Farmingville, NY 11738, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 2nd day of August, 2019.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia